09-4939-cr
United States v. Victor

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
          JOSEPH M. McLAUGHLIN,
          PETER W. HALL,
                    *Circuit Judges*,
          JANE A. RESTANI,[*]
                    *Judge.*

_____

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                        No. 09-4939-cr

CHARLES VICTOR,
                    *Defendant-Appellant.*

_____

_____

        [*] Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

1

FOR APPELLEE:                    LORETTA E. LYNCH, United States Attorney for the Eastern District of New York (Susan Corkery, Rachel J. Nash, Assistant United States Attorneys, Of Counsel, *on the brief*).

FOR DEFENDANT-APPELLANT:          ROBERT L. MOORE, West Hempstead, New York.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Charles Victor appeals from a decision of the district court denying his motion to suppress various items of identification, including: (1) a picture of himself; (2) his New York State Benefit Card; (3) his New York State inmate identification card; (4) a brown wallet; and (5) a piece of mail addressed to him, all found at the searched premises. These items were introduced into evidence to link him to the interstate trafficking of weapons, ammunition, and a bulletproof vest. We assume the parties' familiarity with the facts, procedural context, and specification of issues on appeal.

This Court reviews factual findings supporting a district court's denial of a motion to suppress evidence for clear error, viewing the evidence in the light most favorable to the government. *United States v. Rommy*, 506 F.3d 108, 128 (2d Cir. 2007). The Court reviews the district court's legal conclusions *de novo*. *Id*.

After careful review of Victor's arguments and the appellate record, we hold that the district court did not err when it denied defendant-appellant's motion to suppress the

documentary evidence.  Victor argues that the identification documents that linked him to the ammunition and body armor were illegally seized because the seizure was outside the scope of the warrant.  Although the search warrant itself did not explicitly identify the documents that were seized concerning Victor's occupancy of the 189 York Street premises, the warrant did authorize the seizure of "documents relating to the illegal trafficking of firearms and ammunition."  We conclude that the descriptions of items listed in the search warrant were "sufficiently specific to permit the rational exercise of judgment by the executing officers in selecting what items to seize." *United States v. LaChance*, 788 F.2d 856, 874 (2d Cir. 1986) (internal quotation and alteration omitted). *See also United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992) (stating that this Court has upheld warrants authorizing the seizure of evidence where the warrant "identified [the] specific illegal activity to which the items related.").  As the district court correctly noted, an officer executing a warrant must be allowed to "exercise some minimal judgment about whether a particular document falls within the described category on the warrant [i]tself." *See also United States v. Riley*, 906 F.2d 841, 844-45 (2d Cir. 1990) (stating that a warrant does not eliminate all discretion of the officers who execute a warrant).

The identification documents in question helped establish a connection between Victor and the premises at which the firearms, ammunition, and a bulletproof vest were found.  In that respect, it follows that they constituted some evidence of Victor's trafficking in firearms.  While the language of the warrant could have been drafted more precisely, it was sufficient to encompass seizure of those documents.

3

Because we conclude the description in the warrant was sufficiently specific to authorize the seizure of the identification documents, we do not reach the government's argument regarding the officers' good faith. To the extent Victor is otherwise attacking the bases on which probable cause was found to support the warrant, those arguments are without merit.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk